## CUNNINGHAM vs. PHILLIPS.

That the declaration does not "complain" of the defendant, is no cause of demurrer.

When the computation of time is to be made *from an act done*, the day when such act is done is to be included.

In case of mutual conditions to be performed at the same time, neither party is bound to execute or tender performance, it is sufficient to be ready and willing to perform.

Covenant "for and in consideration of 270 dollars in hand paid the first day of April next, to make a good and lawful deed in fee simple," the purchaser is to pay, or tender the money, before he can demand a deed, the payment being a condition precedent to, and the consideration of, the conveyance.

THE plaintiff declared in debt, as follows:

"*State of Ohio, Jefferson County, ss.* } Court of Common Pleas, of Dec. term, 1816.

Robert Phillips, of the county aforesaid, was attached to answer Patrick Cunningham, of a plea, that he render unto him the sum of two hundred and seventy dollars, which to him he owes, and unjustly detains from him. For that, whereas the said Robert, on

the 26th day of March, in the year of our Lord eighteen hundred and sixteen, in the county aforesaid, made his certain writing obligatory, sealed with the seal of the said Robert, and now here shewn to the court, the date whereof is the day and year aforesaid, acknowledged himself to owe, and then and there promised to pay the said Patrick, five days after the date of his said writing obligatory as aforesaid, when thereafter the said five days, he, the said Robert, should be required by the said Patrick; nevertheless the said Robert, although often required and requested to pay the same, hath not paid the said Patrick the said two hundred and seventy dollars, or any part thereof, and still doth refuse to pay the same, to the damage of the said P. Cunningham three hundred dollars; and therefore brings suit.

<div align="right">

JEFFERSON.
September, 1817

Cunningham
v.
Phillips.

D. REDICK, Pro. Quer."
</div>

To which WRIGHT, for the defendant, demurred specially, and assigned the following causes of demurrer.

1st. That there is no title of any parties in said declaration.

2d. That it contains but a recital of the contents of the writ, and has within it no complaint against the defendant.

3d. That it is not alledged or set forth, that the said writing obligatory is due.

4th. That it does not appear whether the said declaration was filed by the plaintiff in person, or by any attorney of this court.

5th. That it is not alledged that the plaintiff hath sustained any damage, by reason of the detention of said debt.

6th. That it does not appear who brings suit—joinder in demurrer.

And for further plea, &c., "says that heretofore, to wit, on the 6th day of March 1816, the said Patrick, and the said Robert, by their certain article of agreement then made, in said county, sealed with the seals of the said Patrick and the said Robert, now here in court, the date whereof is the same day and year last aforesaid, wherein and whereby the said Patrick sold to the said Robert, two certain lots ground, situate in the town of New Philadelphia, in the county of Tuscarawas, and known on the plat of said town by numbers twenty-five and one hundred and twelve, for and in consideration of the sum of two hundred and seventy dollars, to be paid on the first of April then next, and covenanted on that day to make to the said Robert a good and lawful deed for said lot, in fee simple, as by said article will more fully appear; for which said sum of two hundred and seventy dollars, as consideration for the conveyance of said lots, the said writing

obligatory in the said declaration mentioned, was then and there given to the said Patrick, and for none other or different consideration or debt; the payment whereof was, by the said article of agreement, an act to be done at the same period of time that he, the said Patrick, should make and deliver to the said Robert the said deed of conveyance in fee simple, for said lots of ground aforesaid, and not otherwise, or at different time; and the said Robert avers that he has always, from the making said article and writing obligatory, been ready and willing, and still is ready and willing, to pay the said sum of money, on receiving from the said Patrick a good and sufficient deed, in fee simple, for said lots; without this, that the said Patrick, from the making said article of agreement and writing obligatory, hitherto, hath in any manner made, executed, and delivered, or offered or tendered to make, execute, and deliver, to the said Robert, any conveyance whatsoever, for said lots of ground, or in any wise assured the same to the said Robert, or in any manner performed the said covenant, of him the said Patrick in that behalf, and this," &c.

To which plea, the plaintiff demurred generally.

The writing mentioned in the plea, is as follows:

" An article of agreement, made and entered into, betwixt Patrick Cunningham of one part, and Robert Phillips of the other part, both of the State of Ohio, Jefferson county, witnesseth, That the aforesaid Patrick Cunningham does bargain and sell unto the said Phillips, two lots of ground in the town of New Philadelphia, known on the plat of said town by Nos. 25 and 112, in and for the consideration of two hundred and seventy dollars, in hand paid the first day of April next. And the above Patrick Cunningham on his part, engageth to make a good and lawful deed for said lots, fee simple.

And in case, if either of the parties neglect to perform the aforesaid bargain or agreement, either of the parties do hereby bind themselves in the penal sum of two hundred dollars, without defalcation, to be recovered by law of said delinquent, for the use of the party fulfilling his agreement. In witness of the above, we have set our hands and seals, this 26th day of March 1816.

<div style="text-align:right">

(Signed)         ROBERT PHILLIPS, and Seal.<br>
PATRICK CUNNINGHAM, and Seal."

</div>

(And witnessed.)

PRESIDENT.—It is necessary to consider and dispose of the demurrer to the plaintiff's declaration first. In examining the

<div style="margin-left:2em; font-variant: small-caps">

JEFFERSON.<br>
September, 1817.<br>
Cunningham<br>
v.<br>
Phillips.

</div>

causes of demurrer assigned, it seems that the first objection is not well taken. The parties, plaintiff and defendant, are properly set forth *in* the declaration. It would have been more formal, and is the better practice, to entitle the declaration in the proper suit; but I doubt whether the omission is sufficient cause of demurrer. As to the second objection, the case of Dobbin vs. Herne, 1st Bos. & Pul. 366, is an authority decisively against it, with the correctness of which I am satisfied. The third is more doubtful. This declaration is very slovenly and inartificially drawn; but it appears from it that the obligation was due, although it is not (as it should be) distinctly averred. The fourth objection is governed by the second. The fifth and sixth are not well founded. So that the demurrer is overruled, with costs.

<div style="text-align:right">JEFFERSON.<br>September, 1817.<br>Cunningham<br>*v.*<br>Phillips.</div>

The question which arises on the demurrer to the plea in bar, is, whether the payment of the money for which this suit is brought, was, by the contract and agreement of the parties, made dependent on the execution of a deed of two lots in New Philadelphia, by the plaintiff to the defendant? for it is the intention of the parties, and not any arbitrary rule of construction, which is to govern in these cases.

The suit is brought on an obligation to pay money five days after the date of it. It is dated on the 26th day of March, and the money is due and payable on the 31st of March; so that, if the article of agreement contained a covenant on the part of the plaintiff (as the plea alleges) to make the deed on the first day of April; the money is due and payment of it is to be made at a time prior to the execution of the deed; the execution of the deed cannot, therefore, be a condition precedent to the payment of the money, and the non-execution of it cannot be plead in bar of this action. The article of agreement speaks of " the consideration of two hundred and seventy dollars, in hand paid the first day of April next "—but the article of agreement is not all the evidence of the contract, for the declaration is on a separate obligation, which, by the terms of it, is payable before the first of April, that is, *five days after the date of it;* for when the computation of time is to be made *from an act done,* (as in this case the date of the obligation) the day when such act is done is to be included; see The King vs. Adderly, Doug. 463—Castle vs. Burditt, 3d Durnford & East, 623—and Glassington vs. Rawlins, 3d East, 407.

Whether the payment of the money, and the conveyance of the lots, were intended to be concurrent and dependent acts, even though both

JEFFERSON.
September, 1817.

Cunningham
v.
Phillips.

are stipulated, and agreed to be performed on the same day, is still to be gathered from the manner and form in which the parties have contracted ; for the time of performance is not of itself conclusive of such intent. As where the seller of lands gives to the purchaser a penal bond, conditioned to convey, *on a day to come,* without reference to, or recital of, the consideration, and receives from the purchaser his negotiable note, for the amount of the purchase money payable *on the same day,* such obligations would give to the respective parties, or their assignees, rights of action not liable to be defeated by the non-performance of either ; for such, from the manner in which they have contracted, must have been their intention.

The case made by this plea (taken by itself) is one of mutual conditions to be performed at the same time.  If such was the contract, the plaintiff was not bound to *execute and deliver,* or *to tender* a conveyance ; but it would have been sufficient if he had been ready and willing, without actual performance, or an offer to perform—Rawson vs. Johnson, 1 East, 203—Smith et al. vs. Woodhouse, 2 New Rep. 240—West vs. Emmons, 5th Johns. 179.  So that, on this account, the traverse could not be supported.

But, by the article of agreement of which profert is made in the plea, no time is agreed when the deed shall be executed ; it must, therefore, be done in a reasonable time after the payment of the money; the payment of the money is the consideration, without the performance of which the deed could not be demanded ; the execution of it cannot, therefore, be required to precede the payment of the money ; the plea in bar is, therefore, insufficient, and the demurrer is sustained.